UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREENBELT DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) <br> OF THE UNITED STATES OF AMERICA ) <br> FOR SEARCH OF ) <br> ) <br> 16 HARD DRIVES LOCATED ) <br> IN FBI CUSTODY IN MARYLAND ) | Case No. 13 - 2350 WC |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Shanna G. Daniels, ("your Affiant") being duly sworn as a Special Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as such, depose and hereby state the following.

### BACKGROUND OF AFFIANT

1. Your Affiant is currently employed as a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), and has been so employed since July 10, 2005. I am currently assigned to the FBI Strategic Initiatives Unit ("SIU"), Criminal Division, located in Linthicum, Maryland, and as such, am currently responsible for investigating crimes relating to the online, sexual exploitation of children, to include the trafficking and possession of child pornography, along with victim identification. The SIU is responsible for enforcing federal criminal statutes involving the sexual exploitation of children under Title 18, United States Code, Chapters 110 and 109A.

2. Since joining the SIU in October 2010, I have received specialized training in the investigation of child pornography and the sexual exploitation of children through information provided in seminars, classes, and everyday work related activities pertaining to the conduct of these types of investigations. I have also received particularized training in the investigation of



computer-related crimes utilizing peer-to-peer computer networking. Through the carry out of my duties, I have observed and reviewed numerous examples of child pornography in various media formats, and have actively participated in the execution of several warrants involving the search and seizure of computers, computer equipment, software, and electronically stored information.

3. Wherefore, as a federal agent your affiant is authorized to investigate violations of laws of the United States, and is a law enforcement officer with the authority to execute warrants issued under the authority of the United States, this affidavit is made in support of applications for warrants to search 16 hard drives created as forensic copies of original evidence previously seized by Mexican Law Enforcement officers who executed a search and seizure warrant at the home of Gustavo Gildardo Moreno-Lopez in Tijuana, Mexico. The hard drives were created by 2 Digital Analysis and Research Center (DARC) forensic examiners between the dates of Monday, August 18 and Monday August 26, 2013, and are currently logged into evidence at the FBI satellite office located at 801 International Drive, Linthicum, MD, 21090.

4. Whereas there is probable cause to believe that the contents of the hard drives contain evidence, fruits and instrumentalities of criminal violations of Title 18, U.S.C. § 2251, the production of child pornography, and 18 U.S.C. §2252(A)(a)(2), the distribution of child pornography, your Affiant is requesting authority to search the items specified in Attachment A, and seize all items listed in Attachment B as instrumentalities, fruits, and evidence of a crime.

5. The statements in this affidavit are based in part on information provided by other Special Agents of the FBI, other law enforcement officers, and on my own investigation, experience, training and background as a SA of the FBI. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact



known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violation of Title 18, U.S.C. § 2251, the production of child pornography, and 18 U.S.C. §2252(A)(a)(2), the distribution of child pornography, including but not limited to, the items described on Attachment B, which is attached hereto and incorporated herein by reference, are presently located on the premises described in Attachment A, which is attached hereto and incorporated herein by reference.

## STATUTORY AUTHORITY

6. Title 18, U.S.C. § 2251 and §2252(A)(a)(2) are violations related to the sexual exploitation of children.

   a) Title 18 U.S.C. § 2252A(a)(2) prohibits a person from knowingly distributing, using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography.

   b) Title 18 U.S.C. § 2251 prohibits a person from employing, using, persuading, inducing, enticing, or coercing any minor to engage in, or who has a minor assist any other person to engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, or for the purpose of transmitting a live visual depiction of such conduct using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce.

## SUMMARY OF INVESTIGATION

7. On February 21, 2004, the FBI began the Endangered Child Alert Program (ECAP) as a proactive approach to identifying unknown individuals involved in the sexual abuse of children and the production of child pornography. Established as a collaborative effort between the FBI



and the National Center for Missing and Exploited Children (NCMEC), ECAP seeks both National and International media exposure of unknown adults (referred to as John/Jane Does) whose faces and/or distinguishing marks (i.e. scars, moles, tattoos, etc.) appear visible in child pornography content. Once obtained, these faces and/or distinguishing marks are displayed on the "Seeking Information" section of the FBI's Most Wanted website, along with various other media and social networking outlets, in hopes that someone from the public is able to provide information that can identify the perpetrator. As a result of ECAP, the faces of several Jane/John Does have been broadcast on local and national news outlets, as well as television shows such as America's Most Wanted, the O'Reilly Factor, and the Oprah Winfrey show. To date, the FBI has investigated 26 John/Jane Does, 17 of which have been successfully identified. ECAP identifications have led to the identification of more than 25 child victims.

8. On June 30, 2009, NCMEC's Child Victim Identification Program provided the FBI's ECAP team with numerous images and videos pertaining to the child pornography series titled "Matthewxxx." The "Matthewxxx" series is a compilation of still images and videos that are widely traded on the internet. The series has been seized from numerous child pornography collections during the commission of federal search and seizure warrants pertaining to individuals prosecuted for violations of Title 18 U.S.C. § 2252A, the receipt, distribution and possession of child pornography. Two cases where the images and/or videos were distributed to individuals in the District of Maryland include, United States v. John Raley, case number RWT 11-0296, and United States v. Nestor Gualteros, case number DKC 11-0198. Both defendants received and/or possessed images and/or videos from the Matthewxxx series while residing in Montgomery County, Maryland. Specifically, Raley received approximately 37 images and six videos from the Matthewxxx series. Gualteros received and possessed four images from the



Matthewxxx series.

9. Sexually explicit conduct depicted in several of the Matthewxxx videos are of an adult male orally copulating a prepubescent male believed to be between the ages of 4 and 7 years old. The series also contained numerous still images which depicted the same prepubescent male posed in various sexually explicit positions. Whereas several images from the series also contained a clear composite of an unidentified adult male's face, the individual was subsequently designated under the ECAP program as "John Doe 18." The FBI sought to identify John Doe 18 by publicizing his picture on the FBI's "Seeking Information" website located at the url, http://www.fbi.gov/wanted/ecap/unknown-suspect/view, and thru electronic billboards posted in the southwestern U.S. between the dates of 10/25/2010 to 11/08/2010.

10. Additional investigative clues from the "Matthewxxx" series included a shirt worn by "John Doe 18" that contained a patch on the right arm which read "BC Grande Por Ti." Internet research utilizing the Google search engine indicated that the phrase "BC Grande Por Ti" was associated with a local government entity located in Baja California, Mexico. Whereas the FBI has a Legal Attache (LEGAT) office located in Mexico City, Mexico, which facilitates investigative cooperation between the FBI and Mexican law enforcement officials, on 09/27/2010, a request was made through the LEGAT, to obtain the assistance of Mexican law enforcement officials with identifying "John Doe 18."

11. On Tuesday, April 9, 2013, FBI Assistant Legal Attache (ALAT) Scott Dunn, received information from Mexican law enforcement officials referencing the FBI's request regarding John Doe 18. The information indicated that on March 14, 2013, an individual identified as Gustavo Gildardo Moreno-Lopez was arrested in the city of Tijuana, Baja, California Mexico for his alleged responsibility in the commission of crimes involving child pornography. According



to the information provided, Moreno-Lopez possessed the same physical characteristics as John Doe 18. Additional information received by ALAT Dunn contained multiple pictures, email addresses, and a Facebook account associated with the name "Mrxtavo," all of which were found by Mexican investigators to be affiliated with Moreno-Lopez. Upon review of the images provided, the writer concurred that based upon physical appearance, Moreno-Lopez matched the physical description of the individual identified as John Doe 18.

12. In furtherance of the FBI's investigation to a) identify any US based subjects Moreno-Lopez may have distributed the images of child pornography he produced to, and b) identify any US based victims Moreno-Lopez may have had access to, Federal search and seizure warrants pertaining to each email and Facebook account were sworn out by your Affiant before United States District Court of Maryland Magistrates Thomas M. DiGirolamo on 5/29/2013, and Jillyn K. Schulze 7/29/2013 respectively. A review of the search warrant response obtained from Microsoft Corporation revealed that Moreno-Lopez shipped orders of equipment made via the internet, to a US based address located at 482 W. San Ysidro Blvd., Apt. 1598, San Ysidro, CA. Additionally, a request for records from the Department of State, Bureau of Consular Affairs database also revealed that Moreno-Lopez possessed United States Passport Number 05020088798, and travel records associated with referenced passport number indicated that between 1999 and March of 2013, Moreno Lopez made numerous entries into the United States of America with a destination listed as San Ysidro.

13. On Wednesday, May 22, 2013, ALAT Dunn attended a meeting with the lead prosecutor for the Mexican Government's case against Moreno-Lopez. The prosecutor provided information indicating that the child victim associated with the "Matthewxxx" series had been identified. Additional information provided by the prosecutor indicated that both the child



victim, and his mother, provided statements to Mexican law enforcement officials indicating that Moreno-Lopez was the individual depicted in multiple "Matthewxxx" images engaged in sexually explicit conduct with the identified victim.

14. On Monday, July 22, 2013, ALAT Scott Dunn received information from Mexican law enforcement officials containing eight photographs of Moreno-Lopez posed with two unidentified adolescent males believed by Mexican Officials to be additional victims of Moreno-Lopez. Five of the eight photographs appear to have been taken in a bedroom setting with both Moreno-Lopez and the unidentified male children lying on a bed. Based upon the determination that the best opportunity to assess the existence of additional US subjects and/or victims associated with Moreno-Lopez would result from a complete forensic analysis of the evidence conducted by FBI forensic technicians, between the dates of August 18-23, 2013, your Affiant and two Digital Analysis and Research Center (DARC), computer forensic examination technicians, traveled to Mexico City, Mexico for the purpose of making forensic copies of each evidence item seized from Moreno-Lopez by Mexican Law Enforcement personnel. While maintaining the integrity of the Mexican chain of custody, Mexican Law Enforcement officials allowed FBI/DARC personnel access to approximately 180 items of evidence, for the purpose of creating digital forensic copies for further analysis.

15. During onsite meetings with the Mexican authorities, your Affiant was shown print-outs of additional images containing both the above referenced unidentified adolescent males, several of which contained child pornography, in addition to previously unseen images of the victim from the "Matthewxxx" series. Mexican officials advised that the additional images had been obtained as a result of forensic analysis conducted on several of the evidence items being made available for imaging by the FBI. Mexican officials also stated that based on background



appearance of the surroundings, it was their belief that the images of child pornography containing the two unidentified adolescent males were not likely produced in the same location as the images of the "Matthewxxx" victim.

## CONCLUSION

16. Moreno-Lopez has been identified as an abuser by a child victim, and is currently incarcerated in relation to criminal charges associated with the production, distribution, and/or possession of child pornography. Based upon information provided by Mexican law enforcement officials, along with your Affiant's knowledge and experience as a crimes against children investigator, your Affiant believes that the evidence contained on the hard drives listed in Attachment A, may contain images and/or other identifying information as it relates to a) the two unidentified victims seen posing with Moreno-Lopez, along with; b) additional U.S. based subjects whom Moreno-Lopez may have traded child pornography images with; and c) additional images/videos of the victim in the Matthewxxx series and other individuals that may have received them from Moreno-Lopez.

17. Your Affiant knows that the only way the images Moreno-Lopez produced could have been disseminated throughout the internet is if he, or someone he provided the images to, distributed them. Without the dissemination of these images by the producer, or his aiding and abetting another in their dissemination, the images would not have been located on the computers of individuals in the U.S.

18. Based on the information provided above, your Affiant has probable cause to believe that 16 hard drives containing digital images of evidence seized from Gustavo Gildardo Moreno-Lopez which are currently checked into evidence at the FBI facility located at 801 International Drive, Linthicum, Maryland maintain evidence of violations of Title 18, U.S.C. § 2251, the



production of child pornography, and 18 U.S.C. §2252(A)(a)(2), the distribution of child pornography. This evidence, listed in Attachment B to this affidavit, which is incorporated herein by reference, is contraband, the fruits of crime, or things otherwise criminally possessed, or property which is or has been used as the means of committing the foregoing offenses.

19. Pursuant to Title 18, U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

THEREFORE, your Affiant respectfully requests the attached warrants be issued authorizing the search and seizure of the accounts listed in Attachment A for items enumerated in Attachment B.

Shanna G. Daniels, Special Agent
Federal Bureau of Investigation

SUBSCRIBED TO AND SWORN BEFORE ME
THIS 27th DAY OF SEPTEMBER, 2013

HONORABLE WILLIAM CONNELLY
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

## ITEMS TO BE SEARCHED

This warrant applies to information associated with the following 16 hard drives currently stored at the premises owned, maintained, controlled, or operated by the FBI located at 801 International Drive, Linthicum, MD 21090:

1. One 500 GB Seagate hard drive bearing serial number 5QG350FX, containing evidence imaged from a Western Digital hard drive bearing serial number WCAL72372384

2. One 750 GB Seagate hard drive bearing serial number 9VP2C50S, containing evidence imaged from: 1) a Western Digital hard drive bearing serial number WCANKF656913, and 2) a 120 GB Western Digital hard drive bearing serial number WMACM2254656.

3. One Seagate hard drive bearing serial number 9VP2XV28, containing evidence imaged from a 1.0 TB Western Digital hard bearing serial number WCAU47313580.

4. One 1,000 GB Seagate hard drive bearing serial number Z1D1YQEC, containing evidence imaged from a portable storage device – a "My Passport" bearing serial number WXK1C5035917T.

5. One 750 GB Seagate hard drive bearing serial number 9VP2CJ20, containing evidence imaged from a Western Digital hard drive bearing serial number WCAPT0011822.

6. One 3.0 TB Western Digital hard drive bearing serial number WCAWZ2710261, containing evidence imaged from a Toshiba portable storage device bearing serial number 5Q05XR6W.

7. One 500 GB Seagate hard drive bearing serial number 5QG344G9, containing evidence imaged from: 1) an Apple Iphone 4 GSM; 2) an Apple Ipad Mini bearing serial number



DQYJW3AFF193; 3) an Apple Ipad (white) bearing serial number DN6GCLUNDKNY; and 4) an Apple Ipod (white/silver) bearing serial number 8K702KSVV9K.

8. One 3.0 TB Western Digital hard drive bearing serial number WMAWZ0206192, containing evidence imaged from a grey storage device labeled USB CEF.

9. One 2.0 TB Western Digital hard drive bearing serial number WCAZAE694184, containing evidence imaged from a grey storage device labeled USB CEF.

10. One 3TB Western Digital hard drive bearing serial number WMC1T0395919 containing evidence imaged from a Seagate portable storage device bearing serial number 100662970.

11. One 750 GB Seagate hard drive bearing serial number 9VP28TV containing evidence imaged from DVD's numbered 1-86.

12. One 750 GB Seagate hard drive bearing serial number 9VP2BZ62 containing evidence imaged from DVD's numbered 87-97.

13. One 750 GB Seagate hard drive bearing serial number 9VP2BVJ2 containing evidence imaged from DVD's numbered 98-137.

14. One 1,000 GB Seagate hard drive bearing serial number Z1D1PV2T containing evidence imaged from an Apple IMac Desktop computer bearing serial number C02FLAWQDHJP.

15. One 750 GB Seagate hard drive bearing serial number 9VP2CJTK containing evidence imaged from a Sony SLR Digital Camera.

16. One 640 GB Hitachi hard drive, model number HDE721064SLA330 containing evidence imaged from a Dell Inspiron Laptop Model number PP22X.



## ATTACHMENT B

### SPECIFIC ITEMS TO BE SEIZED

1. Evidence, contraband, and instrumentalities concerning violation of Title 18, U.S.C. § 2251, the production of child pornography, and 18 U.S.C. §2252(A)(a)(1), the distribution of child pornography as follows:

2. In any format and medium, originals, computer files, copies, and negatives of child pornography as defined in 18 U.S.C. § 2256(8).

3. Documents in any format and medium pertaining to the possession, receipt, or distribution of child pornography as defined in 18 U.S.C. § 2256(8);

4. Documents in any format and medium concerning minors visually depicted while engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

5. Documents in any format and medium containing names, addresses, and/or other contact information of individuals who may have been contacted by the subject by use of the computer or by other means concerning the possession, receipt, or distribution child pornography as defined in 18 U.S.C. §2256(8) or for the purpose of finding minors to engage in sexual acts with.

6. Images and documents demonstrating a relationship between the subject and any victims, including photographs, videos, e-mails, correspondence, chat transcripts, text messages, voice mails, records of payments made, and all other communication and files related to victims

7. Images and documents related to the subjects relationships with



other minor victims, including photographs, videos, e-mails, correspondence, chat transcripts, text messages, voice mails, records of payments made, and all other communications and files related to other minor victims

    8. Documents related to the travel of Individual A, including travel itineraries, travel receipts, airline electronic tickets, travel invoices, and any other documents pertaining to travel conducted by the subject.

